# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LA FOURNETTE, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Case No.** _____ |
| v. ) | |
| ) | |
| LAFARINE BAKERY 2 INC. ) | **JURY TRIAL DEMANDED** |
| ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

La Fournette, for its Complaint against defendant LaFarine Bakery 2, Inc., alleges as follows:

## THE PARTIES

1. La Fournette, LLC ("La Fournette") is a limited liability company organized under the laws of Illinois, and maintains its principal place of business at 1938 W. Lake Street, Chicago, Illinois 60612.

2. LaFarine Bakery 2 Inc. ("Defendant") is, on information and belief, an Illinois corporation, and maintains a place of business at 2909 N. Milwaukee Avenue, Chicago, Illinois 60618.

## JURISDICTION AND VENUE

3. This is an action seeking remedies for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1114(a) and § 1125(c); for violation of the Illinois Uniform Deceptive Trade Practices Act under 815 ILCS 510/1, and trademark infringement and unfair competition under Illinois law.

4. This Court has jurisdiction over this matter pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338(a) and (b) because it involves an action arising under the Lanham Act. This court also has jurisdiction under 28 U.S.C. §1367.

5. Venue is proper in this judicial district under 28 U.S.C. §1391(b) because a substantial part of the activities giving rise to the claims alleged herein occurred in this judicial district and all Defendants are found in this judicial district.

## NATURE OF THE CASE

6. La Fournette brings this action to protect one of its most valuable assets, namely, the goodwill and consumer recognition associated with its "F" logo mark: (La Fournette's "F Logo"). La Fournette has used its distinctive F Logo mark since at least as early as June 2012 in connection with its well-known bakery products, services and retail shops.

7. As described more fully below, without La Fournette's authorization or consent and with full knowledge and willful disregard of La Fournette's prior rights in its federally-registered F Logo mark, Defendant began using and applied to register a nearly identical "F" logo in connection with Defendant's bakery products, services and retail shops. Defendant, therefore, has created circumstances whereby members of the public and trade are likely to be led to, and have been led to, believe incorrectly that Defendant and its products and services are authorized by, sponsored by, or affiliated with Plaintiff and its well-known F Logo mark and bakery products and services.

## COMMON ALLEGATIONS

### (Plaintiff's Businesses and F Logo Mark)

8. La Fournette is a popular authentic French bakery and café based in Chicago, Illinois that has been providing authentic French food to customers for many years through its local bakery shops and at local grocery stores. La Fournette's success stems in part from its authentic, unique and high quality products made by chef Pierre Zimmermann, 1996 World Baking Champion, who prior to joining La Fournette taught L'Art de Ia Boulangerie at The French Pastry School in Chicago, Illinois.

9. Prior to the actions of Defendant alleged herein, La Fournette adopted and has since continuously used the F Logo mark in connection with its bakery products, services and retail shops.

10. Among other means of promotion, La Fournette promotes its F Logo-branded bakery products and services on its website at <www.lafournette.com>, which is accessible worldwide.

11. For many years, and prior to Defendant's unauthorized adoption and use of its confusingly similar logo, La Fournette has devoted significant time, effort and resources to marketing and promoting bakery products and services under and in connection with its F Logo mark, establishing both common law rights as well as rights under the Lanham Act. Indeed, La Fournette's F Logo mark is prominently displayed at least on the awnings, windows signage, and product racks at its retail bakery shops in the popular neighborhoods in Chicago, Illinois, as exemplified in the photographs of La Fournette's retail shops, attached hereto as Exhibit A.

12. As a result of La Fournette's use and extensive promotion of its F Logo mark in connection with bakery products, services and retail shops, the F Logo mark has become well-

known and recognized by the public as identifying and distinguishing La Fournette's high quality bakery products and services. This consumer goodwill and recognition in the F Logo mark constitutes one of La Fournette's most valuable assets. Accordingly, the integrity of La Fournette's F Logo mark is extremely important to La Fournette, and crucial to the continued vitality and growth of its business.

13. To further protect its mark, La Fournette has obtained a federal trademark registration for F Logo mark for use with retail bakery shops. See Registration No. 4,820,448. A copy of the Trademark Office record of this registration is attached hereto as <u>Exhibit B</u>.

**(Defendant's Misappropriation of La Fournette's F Logo Mark)**

14. Like Plaintiff, Defendant provides bakery services and operates a retail bakery shop. Defendant promotes and sells a wide variety of bakery products online through its website (located at http://www.lafarinebakerycafe.com) and at a retail bakery shop in Chicago, Illinois.

15. Around 2008, Defendant operated a retail bakery shop in the popular Wicker Park neighborhood in Chicago, Illinois, under the name La Farine Bakery & Café in connection with the logo: [Fresh Bread Daily logo]. On information and belief, Defendant closed its Wicker Park retail bakery shop and ceased using the above depicted logo.

16. The head chef baker at Defendant's La Farine Bakery & Café, Ayoub Lambarki, was a student at the French Pasty School in Chicago, Illinois in 2011 and early 2012, at the same time Plaintiff's head chef baker, Pierre Zimmermann, was a teacher and chef at the French Pastry School and in the process of developing the La Fournette brand and F Logo mark.

17. Around July 2013, and over a year after La Fournette opened its retail bakery shop and began using its F Logo mark, Defendant re-opened the La Farine Bakery & Café in a

4

new location in the popular Avondale neighborhood in Chicago, Illinois and adopted and began using a stylized "F" logo: , which is nearly identical to La Fournette's F Logo (Defendant's "Infringing F Logo"). Defendant's Infringing F Logo is prominently displayed on the awning and signage of its retail bakery shop, as exemplified in the photographs of the La Farine Bakery & Café storefront, attached hereto as Exhibit C.

18. When La Fournette became aware of Defendant's adoption and use of the Infringing F Logo, La Fournette notified Defendant in writing of its prior use of, and existing rights in, its F Logo mark and demanded that Defendant cease using the Infringing F Logo. Despite Plaintiff's repeated objections, Defendant refused to cease use of the Infringing F Logo and continues to use the Infringing F Logo.

19. On August 13, 2013, just one day after Plaintiff objected to Defendant's use of the Infringing F Logo, Defendant filed an application with the U.S. Patent & Trademark Office to register the Infringing F Logo for café and restaurant services, namely Serial No. 86/036,553, with a claimed first use date of July 8, 2013.

20. In September 2014, La Fournette opposed Defendant's application to register the Infringing F Logo with the Trademark Trial and Appeal Board, namely *La Fournette, LLC v. La Farine Bakery 2 Inc.,* Opposition No. 91218164. Defendant, once again, ignored La Fournette's prior use and objections and the Trademark Trial and Appeal Board entered judgment against Defendant and in favor of La Fournette. Defendant's application was subsequently refused.

21. Despite La Fournette's repeated demands that Defendant cease use of the Infringing F Logo, Defendant has ignored or refused to comply with La Fournette's demands. Defendants' knowledge of La Fournette's prior use of the F Logo and blatant disregard of La

Fournette's intellectual property rights and repeated ignorance of La Fournette's cease and desist communications underscores Defendant's bad faith and intentional misconduct.

22. Accordingly, there is no question that Defendant's ongoing and unauthorized use of the Infringing F Logo is intentional and done with actual knowledge of La Fournette's prior use of the F Logo mark and with the intent to trade on the goodwill associated therewith.

23. Defendant's unauthorized use of the Infringing F Logo is likely to confuse and has actually caused members of the public in that it will lead and has lead the public to believe incorrectly that La Fournette is the source of, has endorsed or approved, or is somehow legitimately associated with Defendant or its goods and services, thereby injuring the goodwill La Fournette has built in its F Logo mark.

24. In light of Defendant's use of the Infringing F Logo in connection with identical goods and services as those offered by La Fournette under its federally-registered F Logo mark, and in light of Defendant's refusal to accede to La Fournette's repeated demands to cease use of the Infringing F Logo, La Fournette had no choice but to protect its rights in its valuable F Logo mark through this action. All of these facts render this matter an exceptional case.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114(1)(a))

25. Plaintiff realleges and incorporates herein paragraphs 1 through 24 of this Complaint.

26. Defendant had actual knowledge of La Fournette's ownership of and rights in its federally registered F Logo mark prior to Defendant's unauthorized use or continued unauthorized use of the Infringing F Logo for bakery products and services.

27. Defendant thus has deliberately and willfully used the Infringing F Logo to trade upon the widespread goodwill, reputation and selling power established by La Fournette under its F Logo mark and to pass its bakery products and services off as those of La Fournette.

28. La Fournette has not consented to Defendant's use of the Infringing F Logo in connection with the promotion and sale of Defendant's bakery products and services.

29. Defendant's unauthorized use of the Infringing F Logo in connection with its promotion and provision of bakery products and services is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant or its products and services with La Fournette and its federally-registered F Logo mark in violation of 15 U.S.C. §1114(1)(a).

30. Defendant's unauthorized conduct has deprived and will continue to deprive La Fournette of the ability to control the consumer perception of its bakery products and services provided in connection with its F Logo mark, placing the valuable reputation and goodwill of La Fournette in the hands of Defendant, over whom La Fournette has no control.

31. Because Defendant had actual notice of La Fournette's prior use of and rights in its F Logo mark before Defendant began using the Infringing F Logo, Defendant is willfully engaged in trademark infringement in violation of the Lanham Act. Thus, the intentional nature of Defendant's conduct renders this an exceptional case under 15 U.S.C. § 1117(a).

32. As a result of Defendant's conduct, La Fournette has suffered substantial damage and irreparable harm to its F Logo mark, constituting an injury for which La Fournette has no adequate remedy at law. Unless this Court enjoins Defendant's conduct, La Fournette will continue to suffer irreparable harm.

## COUNT II

### FEDERAL UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

33. Plaintiff realleges and incorporates herein paragraphs 1 through 32 of this Complaint.

34. Defendant has deliberately and willfully used the Infringing F Logo to trade on La Fournette's hard-earned goodwill in its F Logo mark and the reputation and selling power established by La Fournette in connection with its bakery products and services, as well as to confuse consumers as to the origin and sponsorship of Defendant's bakery products and services.

35. Defendant's unauthorized and tortious conduct has also deprived and will continue to deprive La Fournette of the ability to control the consumer perception of its products and services marketed under its F Logo mark, placing the valuable reputation and goodwill of La Fournette in the hands of Defendant, over whom La Fournette has no control.

36. Defendant's conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with La Fournette, and as to the origin, sponsorship or approval of Defendant and its goods, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

37. As a result of Defendant's conduct, La Fournette has suffered substantial damage and irreparable harm constituting an injury for which La Fournette has no adequate remedy at law. La Fournette will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

## COUNT III

### VIOLATION OF THE ILLINOIS DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS 510/1 *et seq.*)

38.     Plaintiff realleges and incorporates herein paragraphs 1 through 37 of this Complaint.

39.     Defendant's actions complained of herein constitute deceptive trade practices in violation of 815 ILCS 510/2 in that they are likely to cause confusion or misunderstanding as to source, sponsorship or approval of Defendant's goods and services. Defendant's deceptive conduct also creates a likelihood of confusion as to the affiliation, connection or association of Defendant and its goods and services with La Fournette and its well-known F Logo mark for its bakery products and services.

40.     Because Defendant had actual notice of La Fournette's prior use of and rights in its F Logo mark before Defendant began using the Infringing F Logo, Defendant is willfully engaged in deceptive acts or practices in violation of Illinois law.

41.     As a result of Defendant's willful conduct, La Fournette is likely to suffer harm, and has in fact already been injured. Unless this Court enjoins Defendant's conduct, La Fournette will continue to suffer irreparable harm.

## COUNT IV

### COMMON LAW TRADEMARK INFRINGEMENT

42.     Plaintiff realleges and incorporates herein paragraphs 1 through 41 of this Complaint.

43.     La Fournette is the owner of valid common law rights in its F Logo Mark, which it has used continuously and in connection with the provision of its bakery products and services long prior to Defendants' adoption and first use of the Infringing F Logo.

44. Defendant's actions complained of herein are likely to cause, confusion, mistake or deception among consumers as to an affiliation, connection or association of Defendant's products and services with La Fournette and its F Logo mark, and as to the origin, sponsorship or approval of Defendant and its products and services in violation of Illinois common law.

45. Defendant's unauthorized conduct also has deprived and will continue to deprive La Fournette of the ability to control the consumer perception of its bakery products and services provided in connection with its F Logo mark, placing the valuable reputation and goodwill of La Fournette in the hands of Defendant, over whom La Fournette has no control.

46. Because Defendant had actual notice of La Fournette's prior use of and rights in its F Logo mark before Defendant began using the Infringing F Logo, Defendant is willfully engaged in common law trademark infringement in violation of Illinois law.

47. As a result of Defendant's conduct, La Fournette is likely to suffer harm, and has in fact already been injured. Unless this Court enjoins Defendant's conduct, La Fournette will continue to suffer irreparable harm.

## COUNT V

### COMMON LAW UNFAIR COMPETITION

48. Plaintiff realleges and incorporates herein paragraphs 1 through 47 of this Complaint.

49. Defendant's actions complained of herein constitute unfair competition in violation of Illinois common law, as the aforementioned acts constitute an intentional misappropriation of La Fournette's F Logo mark, reputation and commercial advantage in which Defendant have acted with bad faith.

50. As a result of Defendant's aforesaid conduct, La Fournette has suffered substantial damage and irreparable harm constituting an injury for which La Fournette has no

10

adequate remedy at law. Unless this Court enjoins Defendant's conduct, La Fournette will continue to suffer irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter a judgment in its favor and against Defendant as follows:

A. Declaring that Defendant has willfully infringed La Fournette's F Logo mark and has willfully engaged in deceptive trade practices and unfair competition;

B. Preliminarily and permanently enjoining and restraining Defendant, its parents, subsidiaries, holding companies, licensees, owners, directors, officers, partners, assigns, related entities, affiliates, predecessors, successors, employees, representatives, trustees, receivers, agents and any other persons or entities acting on behalf of Defendant or with Defendant's authority, from:

(1) using, selling, offering for sale, holding for sale, advertising or promoting any goods or services under or in connection with any design mark, trade name, trademark, service mark, Internet domain name or other designation of origin that is comprised in whole or in part of the F Logo mark or any other design confusingly similar to La Fournette's F Logo mark; or

(2) doing any act or thing that is likely to induce the belief that Defendant's goods, services or activities are in some way connected with La Fournette's business, or that is likely to injure or damage La Fournette's F Logo mark or business; and

C. Requiring that Defendant:

(1) reimburse La Fournette for all damages it has suffered due to Defendant's acts complained of herein;

(2) pay to La Fournette exemplary damages;

(3) deliver to La Fournette's counsel for destruction all promotional materials, products, advertisements, signs, brochures, packages and other printed materials bearing the Infringing F Logo and all plates, molds, matrices, screens or other means for making the same that are in their possession or control within ten (10) days of the entry of the Order; and

   (4)  reimburse La Fournette for the costs it has incurred in bringing this action and the opposition with the United States Patent and Trademark Office, together with its reasonable attorneys' fees and disbursements; and

  D.  Awarding La Fournette such other and further relief as this Court deems equitable

Dated: April 13, 2016       Respectfully Submitted,

             By:  <u>s/James P. Muraff/</u>
                 One of the Attorneys for Plaintiff,
                 La Fournette, LLC.

James P. Muraff (ARDC# 6225693)
Bradley F. Rademaker (ARDC# 6208189)
Andrea S. Fuelleman (ARDC# 6309043)
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Chicago, Illinois 60602
Telephone: (312) 269-8000
Facsimile: (312) 269-1747

24610463.1